OPINION
{¶ 1} Defendant-appellant Kevin M. Cox ("Cox") brings this appeal from the judgment of the Court of Common Pleas of Van Wert County finding him guilty of grand theft.
 {¶ 2} On March 9, 2003, Deputy Michael East ("East") investigated an abandoned car complaint in Middle Point, Ohio. The car had West Virginia tags and was registered to Cox. After determining that no one in the area knew anything about the vehicle, East proceeded to inventory the contents of the vehicle so that it could be towed. During the inventory of the vehicle, East located a purse that had been reported stolen. East then requested the vehicle be towed. At that time, another vehicle arrived and Cox exited from the passenger seat. Cox stated that the vehicle was his and requested that it not be towed. Cox told East that he had run out of gas which was why the car was abandoned. Cox also told East that he had been ill and had just returned from St. Rita's hospital. East then asked Cox about the stolen purse which was in the vehicle. Cox refused to answer the questions. East then arrested Cox for possession of the stolen purse.
 {¶ 3} East knew that a van had been reported stolen earlier that day from the same alley where Cox's car was abandoned. While transporting Cox to the station, East asked Cox if he knew anything about the stolen van. Cox responded that he would talk to the officer about it once they were at the station. East requested the Lima police look for the stolen van in the parking lot of St. Rita's where Cox claimed to have been. The unlocked van was located in the parking lot of St. Rita's hospital with the keys in the glove box. Upon questioning at the station, Cox exercised his right to remain silent.
 {¶ 4} On April 11, 2003, Cox was indicted on one count of grand theft of a motor vehicle in violation of R.C. 2913.02(A)(1). A bench trial was held on October 19, 2004. During the trial, the owner of the van identified Cox as being in the bar where he worked the night the van was stolen. He testified that the van was worth approximately $1,000 before it was stolen. However, the van's engine was ruined by the drive to Lima as there was insufficient oil in the engine. Cox testified at the trial and admitted that he had taken the van. He claimed that he had only taken the van because he was out of gas, freezing, and needed to seek medical treatment at St. Rita's hospital. At the conclusion of the trial, the trial court entered a verdict of guilty. It is from this judgment that Cox appeals and raises the following assignment of error.
The court erred in finding [Cox] guilty of grand theft of a motorvehicle where there was no finding that [Cox] had an intention topermanently deprive the vehicle owner of the property or dispose of theproperty and no facts were presented at trial that could support such afinding.
 {¶ 5} The assignment of error in essence claims that the trial court's verdict is not supported by the evidence. The statute under which Cox was charged reads as follows.
(A) No person, with purpose to deprive the owner of property orservices, shall knowingly obtain or exert control over either theproperty or services in any of the following ways:
 (1) Without the consent of the owner or person authorized to giveconsent.
* * *
(B)(5) If the property stolen is a motor vehicle, a violation of thissection is grand theft of a motor vehicle, a felony of the fourthdegree.
R.C. 2913.02. To deprive the owner of property means to either withhold property for such a period of time as to substantially deprive the owner of a portion of the item's value or to dispose of property in such a way as to make it unlikely that the owner will recover it. R.C. 2913.01(C). The question of whether a defendant intended to deprive the owner of the property is one of fact.
 {¶ 6} In this case, the State presented evidence that Cox drove the vehicle from Middle Point to Lima without the consent of the owner. Thus, Cox exerted control over the van without permission. The only question is whether he intended to deprive the owner of the property by leaving it in the parking lot of St. Rita's. The testimony was that he left the vehicle unlocked with the keys in the glove box in a public parking lot one county away from where it was last seen. At no time did Cox take any steps to inform either the owner or the police where the vehicle could be found. By leaving the keys in an unlocked vehicle, the car easily could have been stolen by a third party. Based upon this evidence, the trial court could reasonably conclude that Cox did not intend for the vehicle to be found by the owner. Given this evidence, the trial court reasonably could conclude that Cox intended to deprive the owner of the property. The assignment of error is overruled.
 {¶ 7} The judgment of the Court of Common Pleas of Van Wert County is affirmed.
Judgment affirmed.
 Cupp, P.J., and Shaw, J., concur.