OPINION
{¶ 1} Appellant, Allen M. Moff, appeals the judgment of the Portage County Court of Common Pleas, Juvenile Division, finding him Delinquent on charges of Breaking and Entering and Theft. For the following reasons, we affirm the decision of the court below. *Page 2 
 {¶ 2} On April 17, 2007, separate Complaints were filed alleging Moff to be Delinquent for Theft, a felony of the fifth degree in violation of R.C. 2913.02, and Breaking and Entering, a felony of the fifth degree in violation of R.C. 2911.13.
 {¶ 3} As a result of the filing of these charges, a Notice of Alleged Probation/Disposition Violation was issued in an unrelated 2005 juvenile proceeding involving Moff. In the 2005 case, Moff was found Delinquent for committing acts which, if committed by an adult, would constitute Burglary, Theft of a Motor Vehicle, and Unauthorized Use of a Motor Vehicle. Moff received a one-year commitment to the Ohio Department of Youth Services, suspended pending his successful completion of a term of intensive probation.
 {¶ 4} On April 30, 2007, an Adjudication Hearing was held on the Theft and Breaking and Entering charges.
 {¶ 5} The following events were testified to at trial. David Haska is a mink farmer at a 400 acre farm on Hughes Road in Edinburg Township, Ohio. Haska is a double-amputee who relies on a Suzuki Ozark 250 four-wheeler/ATV to perform his duties on the farm. Haska purchased the ATV new in 2006 for $4,000. Haska modified the ATV to make it suitable for his purposes by attaching hand controls and a manual shift lever to the handle bars and disabling the right brake pedal. Haska also modified the ATV by adding a wiring harness underneath the fender so that a weed sprayer could be towed.
 {¶ 6} On the morning of April 11, 2007, Haska discovered that the ATV had been stolen. The ATV was kept in a storage barn. There was a "cat hole" in the door of *Page 3 
the barn, which Haska had cut to allow stray cats into the barn. The wood around the hole had been torn off to allow persons access to the barn.
 {¶ 7} At the time of the theft, Moff was living at 4125 Rock Springs Road, Ravenna, about two miles from Haska's farm. Moff was living with his mother, stepfather, and step-brother, Dustin Dush. Moff had worked for Haska from summer through December 2006. About a week before the theft of the ATV, Moff paid Haska a "social visit." Moff claimed he was interested in purchasing the ATV.
 {¶ 8} Deputy Patrick Burns of the Portage County Sheriff's Office responded to the report of the theft at Haska's farm. Burns learned from a probation officer that Moff and Dush were suspects and that the ATV had been recovered.
 {¶ 9} Early in the morning of April 11, 2007, Moff and Dush left their parents' house by crawling out a window. Dush testified that Moff wanted to steal Haska's ATV. Together they went to Haska's property, broke into the barn, and hot-wired the ATV. Dush testified they drove the ATV through the woods for about a half an hour and left it in the woods near their house. When Dush and Moff re-entered the house, they were confronted by their parents.
 {¶ 10} Moff testified that he left the house as Dush testified. However, Moff claimed he had only gone outside to smoke and that Dush had gone by himself to steal the ATV. Moff waited outside for Dush before re-entering the home.
 {¶ 11} The juvenile court found Moff Delinquent on the charge of Breaking and Entering, a fifth degree felony if committed by an adult, and of Theft, a misdemeanor of the first degree if committed by an adult.[1] *Page 4 
 {¶ 12} On May 16, 2007, Moff admitted to committing the Probation Violation at a Juvenile Rule 21 Conference in the 2005 case.
 {¶ 13} On June 5, 2007, a Dispositional Hearing for all three cases was held. The juvenile court imposed the suspended one-year commitment to the Ohio Department of Youth Services for the Probation Violation and sentenced Moff to a six-month commitment to the Department of Youth Services for Breaking and Entering and to a period of one to ninety days in the Portage/Geauga County Juvenile Detention Center for Theft. All commitments were ordered to be served concurrently.
 {¶ 14} Moff timely appeals and raises the following assignments of error.
 {¶ 15} "[1.] Did the trial court err in adjudicating Mr. Moff as his adjudication was against the manifest weight of the evidence.
 {¶ 16} "[2.] Did the trial court err by finding that Mr. Moff's adjudication was supported by sufficient evidence."
 {¶ 17} The analyses for considering the weight and sufficiency of the evidence are related, but distinct. The Ohio Rules of Criminal Procedure provide that a defendant may move the trial court for a judgment of acquittal "if the evidence is insufficient to sustain a conviction." Crim.R. 29(A). "`[Sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury," i.e. "whether the evidence is legally sufficient to support the jury verdict as a matter of law." State v. Thompkins, 78 Ohio St.3d 380,386, 1997-Ohio-52, quoting Black's Law Dictionary (6 Ed.1990), 1433. Essentially, "sufficiency is a test of adequacy," that challenges whether the state's evidence has created an issue for the jury to decide regarding each element of the offense. Id. *Page 5 
 {¶ 18} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v. Virginia (1979), 443 U.S. 307, 319. In reviewing the sufficiency of the evidence to support a criminal conviction, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus.
 {¶ 19} Weight of the evidence, in contrast to its sufficiency, involves "the inclination of the greater amount of credible evidence."Thompkins, 78 Ohio St.3d at 387 (emphasis sic) (citation omitted). Whereas the "sufficiency of the evidence is a test of adequacy as to whether the evidence is legally sufficient to support the verdict as a matter of law, * * * weight of the evidence addresses the evidence's effect of inducing belief." State v. Wilson, 113 Ohio St.3d 382,2007-Ohio-2202, at ¶ 25 (citation omitted). "In other words, a reviewing court asks whose evidence is more persuasive — the state's or the defendant's?" Id.
 {¶ 20} Generally, the weight to be given to the evidence and the credibility of the witnesses is primarily for the trier of fact to determine. State v. Thomas (1982), 70 Ohio St.2d 79, at the syllabus. When reviewing a manifest weight challenge, however, the appellate court sits as the "thirteenth juror." Thompkins, 78 Ohio St.3d at 387
(citation omitted). The reviewing court must consider all the evidence in the record, the reasonable inferences, and the credibility of the witnesses, to determine whether, "in *Page 6 
resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id., quoting Martin v.Martin (1982), 20 Ohio App.3d 172, 175.
 {¶ 21} In order to adjudicate Moff of Breaking and Entering, the State had to prove, beyond a reasonable doubt, that he "by force, stealth, or deception, * * * trespass[ed] in an unoccupied structure, with purpose to commit therein any theft offense * * * or any felony." R.C. 2911.13(A).
 {¶ 22} In order to adjudicate Moff of Theft, the State had to prove, beyond a reasonable doubt, that he, "with purpose to deprive the owner of property * * *, * * * knowingly obtain[ed] or exert[ed] control over * * * the property * * * [w]ithout the consent of the owner" and/or "[b]y deception." R.C.2913.02(A)(1) and (3).[2]
 {¶ 23} Under the first assignment of error, Moff argues that "it is just as likely that Mike Moff was being truthful [as] Dustin Dush," on whose testimony Moff's adjudications are solely based. Moff maintains that Dush, who was also on probation, had "every reason" to minimize his involvement in the theft.
 {¶ 24} Initially, we note that "[t]he choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact." State v. Awan (1986), 22 Ohio St.3d 120,123 (citation omitted). If Dush and Moff's testimony were equally believable, *Page 7 
we would have no grounds for overturning the lower court's resolution of the conflicting testimony.
 {¶ 25} Given the record before us, there is no error in the factfinder's resolution of the conflicting testimony. There is no evidence that Dush gained anything by implicating Moff in the crime. Dush testified that he received no promise or other consideration from the State in exchange for his testimony. Nor does Dush's testimony exculpate him of being Delinquent for the same charges. The argument that Dush implicated Moff in order to possibly obtain a more favorable ruling at his Disposition Hearing is not compelling.
 {¶ 26} Moreover, there are circumstances demonstrating that Dush's version of events is the more plausible. Moff had worked for Haska and was familiar with Haska's property and the existence of the ATV. There is no indication in the record that Dush knew enough about the farm to have been able to steal the ATV without Moff's assistance.
 {¶ 27} The first assignment of error is without merit.
 {¶ 28} Under the second assignment of error, Moff argues the State presented insufficient evidence that Moff purposed to deprive Haska of his property to sustain an adjudication for Theft. Moff maintains that the evidence, at best, demonstrates that Moff took the ATV for a "joy ride" since it was abandoned "where it would be found by the owner."
 {¶ 29} The Revised Code defines "deprive" as "[w]ithhold[ing] property of another permanently" and/or "[d]ispos[iing] of property so as to make it unlikely that the owner will recover it." R.C. 2913.01(C)(1) and (2). *Page 8 
 {¶ 30} The evidence in the record does not support the assertion that the ATV was left where Haska would be likely to find it, especially in light of the fact that Haska is a double amputee. Moff claims the ATV was left a quarter of a mile from the barn where it was stored. The testimony cited by Moff indicates that the ignition module, not the ATV, was found a quarter of a mile from the barn. The inference from this evidence is that the boys pushed the ATV a quarter of a mile before hot wiring it. This inference is consistent with Dush's testimony.
 {¶ 31} The precise location of the ATV's recovery is uncertain. Dush testified that is was left in the woods "on the same road as our house." Haska likewise testified the ATV was found "off Rock Spring Road" on the property of "another farmer." Haska further testified that he was not able to go where the ATV was recovered and had to send others to retrieve it.
 {¶ 32} This evidence is sufficient to prove that Moff intended to deprive Haska of his property. The ATV was not returned to Haska's property after the ride. There is no evidence of any intention or effort to return the ATV, and the ATV was left in a location where it was unlikely Haska could recover it. Cf. State v. Cox, 3rd Dist. No. 15-04-16, 2005-Ohio-1605, at ¶ 6 (conviction for Theft upheld where vehicle was abandoned, with its keys, in a church parking lot); cf.State v. Watkins, 9th Dist. Nos. 23133 and 23145, 2006-Ohio-6380, at ¶ 24 (conviction upheld where vehicle was abandoned after being driven for an eighth of a mile); State v. Mayle, 7th Dist. No. 04 CA 808,2005-Ohio-1346, at ¶¶ 36-42 (jury instruction for the lesser offense of Unauthorized Use of a Motor Vehicle properly refused where "the defendant * * * put on no evidence that he had any intent to return the [vehicle]"). *Page 9 
 {¶ 33} Moff also argues under this assignment of error that there was insufficient evidence that the vehicle recovered was Haska's vehicle, since the modifications to the ATV testified to by Haska were not visible in the pictures introduced into evidence. We disagree. It is not necessary that the pictures depict the modifications to the ATV which allowed Haska to identify the ATV as his. Haska testified that he took the pictures and that they represented his ATV. Moreover, Dush identified the ATV in the pictures as the one taken from Haska's barn.
 {¶ 34} The second assignment of error is without merit.
 {¶ 35} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas, Juvenile Division, adjudicating Moff Delinquent on charges of Breaking and Entering and Theft, if committed by an adult, is affirmed. Costs to be taxed against appellant.
MARY JANE TRAPP, J., TIMOTHY P. CANNON, J., concur.
[1] The juvenile court found Moff Delinquent of a lesser degree of Theft because the complaint had not properly identified the elements of fifth degree Theft.
[2] Moff does not challenge the adjudication for the Probation Violation. As conceded in his appellate brief, this violation can be sustained by the fact that Moff broke curfew by leaving his parents' house. *Page 1